# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

JANICE M. DEAN,         )
                                       )

                 Plaintiff,     )

                                       )       Civil Action

         vs.                 )       No.  07-0881-CV-W-JCE-SSA

                                       )

                                     )

Michael J. Astrue, Commissioner   )

of Social Security,            )

                                     )

               Defendant.    )

## O R D E R

This case involves the appeal of the final decision of the Secretary denying plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401, et seq and her  application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § 1381, et seq.  Pursuant to 42 U.S.C. § 405(g), this Court may review the final decision of the Secretary.  Pending before the Court at this time are plaintiff's brief and defendant's reply brief in support of the administrative decision.

<u>Standard of Review</u>

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision.  42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991).  Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  Thus, if it is possible to draw two inconsistent positions from the evidence and one

1

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole.  Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A).  Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990).  In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment.  Id.  Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled.  The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions.  Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.  The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole.  Haynes v. Shalala, 26 F.3d 812, 814

2

(8th Cir. 1994).

Discussion

Plaintiff, at the time of the hearing, was a 52-year-old female with a high school education. Her most recent employment was as a letter sorter with the United States Postal Service. She had various positions with the Postal Service and worked for the Veteran's Administration and was a medic in the Navy.

It was plaintiff's testimony at the hearing before the ALJ that she has a Veteran's Administration Service disability as a result of migraine headaches and degenerative disc disease. She also receives disability from the Postal Service, after 14 ½ years on the job. She was unable to do that employment because of injuries she suffered on her left knee, combined with the back condition and migraine headaches. She has had two surgeries on both of her knees, all of which were arthroscopic. She testified that she was originally prescribed Imitrex, but because of high blood pressure, that medication was changed and she now takes Oxycodone. The Oxycodone is supplemented by Valium. Her migraines occur on the average of four or five times per month and caused her to miss work. She testified that for the bulging disc in her back, she has received injections, heat massages and Naproxin for spasms for both her knees and back. To supplement the Naproxin, TENS unit has been recommended. With regard to her depression, she indicates that it surfaced after her discharge from the military. She was in combat in both Desert Shield and Desert Storm. Finally, it was her testimony that her household chores are very limited and that her social activity is practically non-existent. She has legal custody of a granddaughter and is required to get her to and from school.

The ALJ found that:

3

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2005.

2.  The claimant has not engaged in substantial gainful activity since May 1, 2000, the alleged onset date (20 CAR 404.1520(b) and 404.1571 *et seq.*).

3.  The claimant has the following severe impairment: back, knee, and neck pain, migraines, heart disease, hypertension, and anemia (20 CAR 404.1520( c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CAR Part 404, Subpart P, Appendix 1 (20 CAR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform work at the light exceptional level, which includes lifting and carrying 20 pounds occasionally and 10 pounds frequently. Additionally, she is restricted from climbing and working with vibrating tools.

6.  The claimant is unable to perform any past relevant work (20 CAR 404.1565).

7.  The claimant was born on April 12, 1954, and was 46 years old, which is defined as a younger individual ages 45-49, on the alleged disability onset date (20 CAR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CAR 404.1564).

9.  Transferability of job skills in not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CAR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CAR 404.1560( c) and 404.1566).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from May 1, 2000 through the date of this decision (20 CAR 404.1520(g)).

Plaintiff asserts that  the ALJ erred because there was not substantial evidence in the

record as a whole to support the ALJ's finding;  that the ALJ erred in finding that her testimony

was not credible; that she erred in finding her depression not severe, and that she erred in failing

to consider the receipt of other disability benefits.

Having fully reviewed the record, the Court finds that there is not substantial evidence in the record as a whole to support the decision of the ALJ. The Court agrees with plaintiff that there is objective medical evidence to support her complaints regarding her impairments. It is clear that she has sought and received a wide range of medical care available to her, including surgery on both knees, and treatment for her back, migraines and depression.

Plaintiff asserts that the ALJ erred in discounting her subjective complaints, which would support the restrictions plaintiff alleges. The Court notes, initially, that in making her credibility determination, the ALJ did not give adequate weight to plaintiff's strong prior work history, which she must consider. Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996). The extent and duration of plaintiff's military service also bolsters the credibility of her testimony. In discounting the credibility, the ALJ relied on her personal observation that the plaintiff was able to sit for two hours during the hearing and did not bring her cane. The fact that plaintiff was attempting to make the best impression possible does not discount the years of back and knee pain.

The ALJ also discredited her testimony because of her daily activities. Considered as a whole, plaintiff's testimony, when properly considered, does not support a finding that she could perform work at the level asserted by the ALJ. It is well established that an applicant need not be completely bedridden or unable to perform household chores in order to be declared disabled. *Yawitz v. Weinberger*, 498 F.2d 956, 960 (8th Cir. 1974); *Kelley v. Callahan*, 133 F.3d 583, 588-589 (8th Cir. 1998).

While the ALJ is not bound by disability determinations made by other agencies, they are

entitled to some weight in the evaluation process. *Kirby v. Sullivan*, 923 F.2d 1323, 1327 (8th Cir. 1991). Because of plaintiff's credibility and the medical records supporting her testimony, the disability determinations made by other agencies are clearly supportive of her claim.

Finally, the ALJ's finding that plaintiff's depression was not severe is not supported by the record. A fair reading of the medical records establish that her depression, in combination with her physical condition, is severe. The fact that individual therapy sessions were discontinued because of physical problems, or that plaintiff stopped taking a sleep medication because it caused nightmares, does not support a conclusion that she was failing to follow prescribed treatment. The record as a whole belies that conclusion.

For the foregoing reasons, the Court is convinced that there is not substantial evidence in the record as a whole to support the ALJ's decision, and that plaintiff has met her burden of establishing that she suffers from a combination of impairments that render her disabled. Accordingly, the decision of the Secretary should be reversed.

It is hereby

ORDERED that plaintiff's motion for judgment on the pleadings be, and it is hereby, granted. It is further

ORDERED that, pursuant to 42 U.S.C. § 405(g), this matter be remanded to the Commissioner for the calculation and award of benefits.

    /s/ James C. England
JAMES C. ENGLAND, Chief
United States Magistrate Judge

Date: March 9, 2009

6